```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                          CRIMINAL ACTION NO. 2:12-00056-04

BRYAN JAVINS

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On October 30, 2015, the United States of America appeared by Erik S. Goes, Assistant United States Attorney, and the defendant, Bryan Javins, appeared in person and by his counsel, Rhett H. Johnson, Assistant Federal Public Defender, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Douglas W. Smith.  The defendant commenced a three-year term of supervised release in this action on September 21, 2014, as more fully set forth in the Probation Revocation and Judgment order entered by the court on August 22, 2014.

The court heard the admissions of the defendant and the representations and argument of counsel.

      For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant failed to report to the probation officer as instructed on January 23, May 5 and 27, June 5, 15, 21, 27 and 30, September 4 and 8, 2015; (2) the defendant used and possessed controlled substances without a prescription as evidenced by positive urine specimens submitted by him on February 5, March 25 and April 30, 2015, for morphine; his admission to the probation officer on May 26, 2015, that he used Lortab 7.5 milligram tablets provided to him by a friend and not a part of his prescription; and a positive urine specimen submitted by him on October 6, 2015, for buprenorphine, at which time he admitted to the probation officer he did not have a valid prescription for buprehnorphine; (3) the defendant failed to report for urine collections on Mrch 6, April 3 and 22, May 7 and 13, June 12 and 24, July 10 and 29, August 5, 11, 13, 24 and 31, and September 17, 22 and 28, and October 16 and 19, 2015; and (4) the defendant failed to make monthly restitution payments as directed by the court at the rate of $200 per month inasmuch as supervised release commenced on September 21, 2014, and at the time of the filing of the

petition on September 16, 2015, he had made payments of $142 on November 6, 2014; $50 on March 3, 2015; and $50 on April 6, 2015; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of six (6) MONTHS, to be followed by a term of twenty-nine (29) months of supervised release upon the standard conditions of supervised release now in effect in this district by order

entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that he spend a period of six (6) months in a residential drug abuse treatment center where he can receive substance abuse counseling and treatment on an inpatient basis or, alternatively, spend a period of six months in a community confinement center and participate in outpatient substance abuse counseling and treatment as directed by the probation officer.  Once released, the defendant shall continue to participate in drug abuse counseling and treatment as directed by the probation officer.

      The defendant shall surrender for service of the sentence to the institution designated by the Bureau of Prisons by 2:00 p.m. on December 4, 2015.

      After hearing the parties respecting bond, the court ORDERED that defendant may be released upon his previously executed bond while awaiting designation by the Bureau of Prisons, with the added condition that he report to the probation officer every Monday morning at 10:00 a.m. beginning on November 9, 2015.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: November 6, 2015

John T. Copenhaver, Jr.
United States District Judge