```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:12-00056-04

**BRYAN JAVINS**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On October 5, 2020, the United States of America appeared by Nicholas M. Miller, Assistant United States Attorney, and the defendant, Bryan Javins, appeared in person and by his counsel, Louis Thompson Price, for a hearing on the petition seeking revocation of supervised release submitted by United States Probation Officer M. Dylan Shaffer. The defendant commenced a 22-month term of supervised release in this action on September 12, 2019, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on June 20, 2019.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant failed to submit a written report for the months of January 2020 through August 2020, excluding February 2020; (2) the defendant failed to submit a financial investigation packet to the probation officer by February 26, 2020, as directed by the probation officer, and failed to contact his probation officer on several occasions from March 10, 2020 through July 8, 2020; (3) on November 13, 2019, the defendant submitted a urine screen that tested positive for methamphetamine, on July 16, 2020 the defendant submitted a urine screen that tested positive for morphine, and on July 21, 2020, the defendant admitted to the probation officer that he consumed heroin on three occasion as recent as July 14, 2020; (4) the defendant failed to attend his weekly individual counseling at Pyramid Counseling for two weeks in December, 2019, and three weeks in January 2020, and did not attend any treatment sessions in February, March, May, June and July 2020,

and the defendant failed to attend his group counseling at Pyramid Counseling on December 19, and 26, 2019, January 8, 9 and 30, 2020, February 6, 13, 20, 26 and 27, 2020, March 4 and 12, 2020, and August 4 and 5, 2020, (Pyramid Counseling having suspended group counseling sometime at the end of March 2020 through June 2020 due to the COVID-19 pandemic); (5) defendant failed to submit urine screens as instructed on October 29, 2019, November 7 and 12, 2019, December 6 and 17, 2019, January 9, and 14, 2020, February 13, and 24, 2020, March 6, 2020, April 9 and 21, 2020, May 12, and 21, 2020, June 8, 19 and 29, 2020, and July 10, 20 and 28, 2020; and, (6) since beginning the term of supervised release on September 12, 2019, the defendant has failed to make monthly restitution payments of $200 for the months of October 2019, November 2019, December 2019, January 2020, February 2020, March 2020, April 2020, May 2020 and July 2020.  He made a $100 payment toward restitution in November 2019 and a $700 payment toward restitution in June 2020, all as admitted by the defendant as to (1), (2), (3), (4), (5) and (6) above on the record of the hearing and all as set forth in the petition on supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, and restitution is reimposed in the amount of $17,357.60 with no further term of supervised release imposed.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: October 9, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge